OPINION of the Court, by
Judge Owsley.
This was an action of debt, brought by the appellees upon a bond executed by Hawkins in his lifetime with a. collateral condition.
The declaration, after reciting the penal part of the bond and a condition to convey a certain described tract of land with special warranty deed, avers that upon the said recited bond and condition there is an endorsement, made at the time and place of the execution of said bond, and to be taken as a part of the condition, and subscribed by the said Hawkins, &c. and which is in substance as follows, to wit:
“ It is to he understood as a part of the condition of the within bond, that in case the land sold by James Hawkins should in course of the next ensuing four years be lost by any interfering claim, that in that case the said Walker's are to receive the money they have paid with interest, as well as the value of any improvements they máy have made upon it; and if lost after the period of four years, the money paid is to be returned with interest, but no payment made for any improvements. In witness whereof w-e have hereunto set our hands and seals, the 4th September 1794.”
And alleged for breach, that after the period of four years said land was lost by an interfering claim,
The defendant in the court below, the present appellant, pleaded .conditions performed, and on issue being *293 joined thereon, a verdict and judgment were obtained in favor of the appellees.
As the breach alleged applies exclusively to the stipulations contained in the endorsement recited, and as that endorsement appears not to have the seal of the appellant, it is contended the appellees have misconceived their action. If the endorsement be considered as an independent agreement, in no manner forming a part of the condition of the bond, it would be admitted the action brought upon the penalty cannot be maintained j but under the pleadings in this case, we conceive the endorsement cannot be so considered, but must be taken as forming a constituent part of the condition. The endorsement is averred by the appellees in their declaration to have been made at the same time and place, and to be taken as a part of the condition of the bond; and as by the plea of the appellant those averments are impliedly admitted to be true, if in any case an endorsement made upon an obligation at.the time of its execution, can form a part thereof, the endorsement in question should be so considered. That such a case may exist, we have no doubt: for as a deed takes effect from its delivery, we apprehend a delivery with endorsements upon it will have the operation of giving effect to the agreement, according to the intention of the parties, as explained and controled by the endorsements.
Assuming then that the endorsement constitutes part of the condition of the bond, it results that the action upon the, penalty was properly conceived ; but upon that supposition it is contended that the breach, in not showing by what title and in what suit the land was lost, is insufficient to support the judgment.
Whether, according to the strict doctrine of pleading at common law, more precision would upon a special demurrer be required, is a question which need not in the present case be determined; for be that as it may, we apprehend after verdict the objection cannot be admitted to prevail. The objection at most cannot be viewed •as a defective title set forth by the appellees, but rather as-a title defectively stated j and as the judge cannot be presumed to have directed the jury to give, nor the jury to have given a verdict, unless proof was made of fee loss of the land according to the effect of the covenant, the defect (if it can be so Considered) is cured by the verdict.
*294 With respect to the judgment, we do not, as by the assignment ox errors it ’is supposed, imagine the cost is, directed to be paid out of the estate of the administra^ tor $ and although the judgment is very informally entered in otiier respects, we think it is in effect for the debt to be discharged by the payment of the damages, and as such substantially good.
The other questions made by the assignment of errors having heretofore been settled by this court, we have not thought it material to notice them.
Judgment affirmed.